```
_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED
```

AUG 18 2022

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                DEPUTY

The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　v.

SHAWN STONE,

　　　　　Defendant.

NO. MJ22-385

COMPLAINT FOR VIOLATION(S)

18 U.S.C. § 2251(c), (e)
18 U.S.C. § 2252(a)(1), (b)(1)

BEFORE, the Honorable S. Kate Vaughan, United States Magistrate Judge, Seattle, Washington.

## COUNT 1
**(Production of Child Pornography)**

Between in or about June 2019 and in or about August 2022, in King County, within the Western District of Washington, and elsewhere, SHAWN STONE employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct outside of the United States, its territories and possessions, for the purpose of producing a visual depiction of such conduct, and attempted to do so, and transported such visual depiction to the United States, its territories, and possessions, by any means, including by using any means and facility of interstate and foreign commerce and mail.

All in violation of Title 18, United States Code, Section 2251(c) and 2251(e).

COMPLAINT/*United States v. Stone/ 2022R00640* - 1
MJ22-385

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## COUNT 2

### (Transportation of Child Pornography)

On or about August 17, 2022, in King County, within the Western District of Washington, [and elsewhere,] SHAWN STONE knowingly transported, and attempted to transport, any visual depiction—the production of which involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct—using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer and mails

All in violation of Title 18, United States Code, Section 2252(a)(1) and 2252(b)(1).

And the complainant states that this Complaint is based on the following information:

I, Special Agent Isabelle Ghini, being duly sworn under oath, depose and say:

### INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since June 2021. I am currently assigned to the Seattle Division's Tacoma Resident Agency. As an FBI Special Agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, and material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2251, 2252, 2252A, 2422, and 2426. I have received specialized training from the FBI Academy consisting of legal classes, investigative techniques, evidence preservation and collection, financial related crimes, and other law enforcement training classes. Through my training and experience, I have developed an understanding of common habits and practices used by those engaged in criminal acts against children.

COMPLAINT/*United States v. Stone*/ 2022R00640 - 2
MJ22-385

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. I am familiar with and have participated in a variety of investigative techniques including but not limited to surveillance, interviewing of witnesses/suspects, and the execution of search and seizure warrants that involved child exploitation and/or child pornography offenses, and the search and seizure of computers and other digital devices.

3. The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. I have not set forth each and every fact known to me as a result of this investigation but only those facts I believe necessary to establish probable cause to conclude that SHAWN STONE committed the offense(s) charged in this Complaint.

4. As further detailed below, based on my investigation and the investigation of other law enforcement officers, I submit there is probable cause to believe that STONE knowingly produced and transported visual depictions of child sexual abuse.

## SUMMARY OF THE INVESTIGATION

5. This investigation began when an undercover FBI agent identified a target who, acting under the online alias "sstone115," distributed child sexual abuse material (CSAM) and claimed to have sexually abused a child via an online platform that provides end-to-end encrypted communications services and is well known to be favored by individuals who seek to trade child abuse imagery online. For purposes of this affidavit, I will refer to the platform as PLATFORM A, but I am aware of the actual name of this service.

6. On June 10, 2022, an undercover FBI agent (the UC) saw user "sstone115" post a CSAM image depicting a minor female in a chat group known to law enforcement to be dedicated to the discussion and distribution of CSAM. User "sstone115" posted the below three comments immediately after sharing this image:

COMPLAINT/*United States v. Stone*/ 2022R00640 - 3
MJ22-385

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

> My little cousin
>
> ♥ 1   😂 2
>
> 8:00 PM (5D)
>
> 4yo
>
> 1
>
> 8:16 PM (5D)
>
> I fingered her and lick her pussy
>
> ♥ 1
>
> 8:52 PM (5D)

7. The image uploaded by sstone115 depicted a nude prepubescent female laying on her back with her legs closed on what appears to be a blue comforter on a bed. The image is cropped to only show the female's upper thigh to below her navel with the focus of the image being the female's pubic area. Given the lack of pubic hair, lack of hip/pubic development, and small physical build of the female in the photograph, I estimate she is between 6 and 10 years old.

8. As of June 10, 2022, "sstone115's" user profile photo (which was visible to any user of PLATFORM A) showed a prepubescent female sitting on a counter with her knees pulled up to her chest and her ankles spread. The child is smiling at the camera while holding up her middle finger. The child is wearing a blue top with no pants or underwear and her vagina is fully exposed. Based on her lack of pubic/body hair, and small stature, I estimate she is between 5 and 8 years old.

9. On or about August 1, 2022, "sstone115" posted the below comment in the same group chat:

> If anyone adds me in new group. I'll give you 15 random pics of b or g. It can be any group
>
> 1:08 AM (4D)

"B or g" is known to law enforcement to mean "boy or girl."

10. On or about August 1, 2022, "sstone115" changed the user profile photo to that of an apparent toddler. The photo is cropped to show only the child's chest and face.

COMPLAINT/*United States v. Stone*/ 2022R00640 - 4
MJ22-385

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The girl appears to be standing with her arms spread. She has what appears to be ejaculate under her chin on her chest. Given the child's lack of breast development, youthful facial features, and small stature, I estimate she is between 2 and 4 years old.

11. FBI identified "sstone115" as SHAWN STONE, age 21 of Puyallup, WA. I obtained search warrants for STONE's person and residence on August 16, 2022.

12. The following day, I encountered STONE at Seattle-Tacoma International Airport as he was permitted entry back into the United States upon arrival on a flight from Amsterdam.

13. TFO Jimmy Welsh and I asked STONE if he would agree to be interviewed, and he provided the following information in a recorded interview after being advised of his constitutional rights:

- He confirmed he is the PLATFORM A user "sstone115" and recalled posting the images described above.
- He has a sexual attraction to prepubescent minors and is a "collector" of CSAM.
- He has been banned from multiple social media platforms after posting CSAM to those platforms.
- He has created and managed ag least 20 different forums/discussion groups on various social media platforms dedicated to the discussion of child sexual abuse and the trade of child sexual abuse imagery. In managing these groups, he has set the rules for the types of CSAM that is required to be shared for entry/participation in the group.
- He has a collection of CSAM in an encrypted vault on his smartphone, and he provided the password for that vault. He uses the imagery in this vault to trade with others online.
- During a trip to Germany approximately three years ago, he sexually abused two minor relatives whom he estimated were four years old at the time (MV1 and MV2) and filmed the abuse. The abuse of MV1 included

COMPLAINT/*United States v. Stone*/ 2022R00640 - 5
MJ22-385

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        direct contact between his hand and her genitals as well as digital penetration of her vagina. Regarding MV2, he pulled down her underwear and used his hand to spread apart her buttocks to film her exposed anus and genitals. STONE also acknowledged that he shared the imagery he created of his abuse of MV1 online.

- While he could not remember the specific timeframe initially, STONE acknowledged that the abuse likely occurred during a 2019 trip to Germany. International travel records obtained from U.S. Customs and Border Patrol confirm that STONE traveled to Germany in June 2019 and returned in August 2019.

14. During a forensic preview of STONE's smartphone, which he brought with him into the United States, TFO Jason Greer saw numerous files depicting child sexual abuse stored in various folders within the vault described by STONE. Among these were files depicting the sexual abuse of prepubescent minors, including infants and toddlers. When asked during the interview what is the worst type of CSAM law enforcement might encounter in his collection, STONE acknowledged that his collection included depictions of the violent rape, torture, mutilation, and murder of children. STONE maintained he was not interested in this genre, which is commonly referred to as "hurtcore," but that he collected this material so that he could trade it with others who were interested in it to obtain CSAM from them.

15. STONE also assisted law enforcement in identifying the imagery he created of the abuse of MV1 and MV2 he had stored within the vault. He directed law enforcement to a video showing an adult male hand rubbing the genitals of a prepubescent minor and confirmed that was his hand rubbing MV1's genitals. He also said there should be a video of him digitally penetrating MV1, but he could not locate it. Regarding MV2, he directed law enforcement to a photo he took while using his hands to expose MV2's anus and genitals to the camera.

## CONCLUSION

COMPLAINT/*United States v. Stone*/ 2022R00640 - 6
MJ22-385

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

16. Based on the above facts, I respectfully submit that there is probable cause to believe that SHAWN STONE intentionally produce child sexual abuse imagery and transported it into the United States in violation of Title 18, United States Code, Sections 2251(c), (e) and 2252(a)(1), (b)(1).

_____
ISABELLE GHINI
Special Agent, FBI

Subscribed and sworn to before me this 18th day of August 2022.

_____
S. KATE VAUGHAN
United States Magistrate Judge

COMPLAINT/*United States v. Stone*/ 2022R00640 - 7
MJ22-385

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970